UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CELIENA MCCLELLAND**<br><br>                    Plaintiff,<br><br>   v.<br><br>**DECHERT, LLP and**<br>**ELAINE WRY (Individually)**<br><br>                    Defendants. | CIVIL ACTION<br>No. 2:21-cv-2702 |

# ORDER

**AND NOW**, this _____ day of _____, 2022, having considered Defendants Dechert LLP and Elaine Wry's ("Defendants") Motion to Seal Confidential personal identifying information of third-party nonlitigants and competitive business information related to Dechert clients through narrow redactions and, and for good cause shown, it is **HEREBY ORDERED** that the motion is **GRANTED**. The personal identifying and competitive business information redacted in Defendants' Memorandum of Law in Support of its Motion for Summary Judgment, Stipulated Statement of Facts, and Defendants' Exhibits A, B, C, and R shall remain under seal.

BY THE COURT:

_____

CHAD F. KENNEY, U.S.D.J.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CELIENA MCCLELLAND<br><br>     Plaintiff,<br><br>v.<br><br>DECHERT, LLP and<br>ELAINE WRY (Individually)<br><br>     Defendants. | CIVIL ACTION<br>No. 2:21-cv-2702 |

### DEFENDANTS' MOTION TO SEAL

Pursuant to Fed. R. Civ. P. 26(c)(1), Local Rule of Civil Procedure 5.1.5, and this Court's November 30, 2021 Order approving the parties' Confidentiality Agreement (Dkt. No. 18) ("Confidentiality Agreement"), Defendants Dechert LLP and Elaine Wry ("Defendants") respectfully move this Court for an Order sealing, through redactions, the personal identifying information of third-party nonlitigants and competitive business information related to clients contained in Defendants' Memorandum of Law in Support of its Motion for Summary Judgment, Stipulated Statement of Facts, and Defendants' Exhibits A, B, C, and R (herein "Defendants' Summary Judgment Papers"). In anticipation of this motion, Dechert has redacted the relevant portions of the Summary Judgment Papers that it wishes to file under seal, all of which were designated as Confidential under the Confidentiality Agreement.

As explained in detail in the accompanying Memorandum of Law, which is incorporated by reference as if set forth in full herein, Defendants have redacted very limited information related to the following two narrow categories:

(1) personal information that identifies the names of a third-party nonlitigants about whom Plaintiff makes disparaging remarks; and

(2) competitive business information including the names of Defendant Dechert's clients as well as a detailed description of internal, highly confidential billing matters.

This is information that courts in the Third Circuit traditionally will seal because it protects the legitimate privacy interests of nonlitigants and Dechert's business interests without infringing upon the public's common law right of access to judicial documents or the First Amendment right to public access.

Defendants and Plaintiff Celiena McClelland ("Plaintiff") have met and conferred, and Plaintiff does consent to this motion.

                                               Respectfully submitted,

                                               */s/ Carolyn P. Short*
                                               Carolyn P. Short
                                               Valerie E. Brown
                                               **Holland & Knight LLP**
                                               Cira Centre
                                               2929 Arch Street, Suite 800
                                               Philadelphia, PA 19104
                                               Telephone: 215-252-9600
                                               Fax: 215-867-6070
                                               Carolyn.Short@hklaw.com
                                               Valerie.Brown@hklaw.com

Dated: April 22, 2022                            *Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CELIENA MCCLELLAND**<br><br>    Plaintiff,<br><br>v.<br><br>**DECHERT, LLP and**<br>**ELAINE WRY (Individually)**<br><br>    Defendants. | CIVIL ACTION<br>No. 2:21-cv-2702 |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO SEAL**

Defendants Dechert LLP and Elaine Wry ("Defendants"), by and through its undersigned counsel, Holland & Knight LLP, respectfully submits this memorandum of law in support of its Motion for Leave to File Documents Under Seal.

**I.    BACKGROUND**

Plaintiff Celiena McClelland ("Plaintiff" or "Ms. McClelland") is a former Billing Manager of Dechert LLP. In the instant case, Plaintiff alleges that Dechert discriminated against her on the basis of race by creating a hostile work environment that led to her being constructively discharged. As demonstrated in Defendants' Memorandum of Law in Support of Summary Judgment (Dkt. 24), Ms. McClelland was not subjected to racial discrimination, harassment or retaliation. To the contrary, Ms. McClelland was promoted, given multiple pay increases, provided with professional development and leadership training and received positive performance evaluations. Her voluntary resignation in December 2020 does not support a finding of constructive discharge.

Pursuant to Fed. R. Civ. P. 26(c)(1), Local Rule of Civil Procedure 5.1.5, and this Court's November 30, 2021 Order approving the parties' Confidentiality Agreement (Dkt. No. 18) ("Confidentiality Agreement"), Defendants Dechert LLP and Elaine Wry ("Defendants"), respectfully move this Court for an Order sealing (1) personal information that identifies the names of a third-party nonlitigants about whom Plaintiff makes disparaging remarks; and (2) competitive business information including the names of Defendant Dechert's clients as well as a detailed description of internal, highly confidential billing matters. This information is referenced in documents that were designated by Defendants as Confidential pursuant to the Confidentiality Agreement and were filed by Defendants as redacted exhibits to its Statement of Stipulated Material Facts in support of its Motion for Summary Judgment. (Dkt. 25).

As described in detail below, Defendants have narrowly tailored the proposed redactions to protect the legitimate privacy interests of third-party nonlitigants and Dechert's business interests, which is information that courts in the Third Circuit traditionally will protect.

## II. ARGUMENT

The Third Circuit laid out the analysis a district court should apply when evaluating motions to seal in In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig., 924 F.3d 662 (3d Cir. 2019). Two primary concerns guide the district court's analysis: the presumption of access to judicial records flowing from the common law and the First Amendment right of public access. Id. at 672-74.

The common law presumption of access to court filings is "[a]nalytically distinct" from the district court's ability to issue protective orders regarding materials exchanged between litigants in discovery. Id. at 672. Public trust in and understanding of the judicial system and its processes undergirds the common law presumption of access by enhancing testimonial

5

trustworthiness while minimizing the potential "for injustice, incompetence, perjury, and fraud." Id. (citations omitted). The common law presumption of access attaches once a document has become a judicial record: a document "filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings." Id. (quoting In re Cendant Corp., 260 F.3d 183, 192 (3d Cir. 2001)).

However, this "common law right of access is 'not absolute.'" Id. (quoting Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs., 800 F.2d 339, 344 (3d Cir. 1986)). "The party seeking to seal any part of a judicial record bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." Mine Safety Appliances Co. v. North River Ins. Co., 73 F. Supp. 3d 544, 560 (W.D. Pa. 2014) (citations and internal quotation marks omitted). The party seeking closure must show that the "interest in secrecy outweighs the presumption." See id. (quoting Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993)).

Personal identifying information of third-party nonlitigants is "the type of information normally protected by seal." See In re Cendant Corp., 260 F. 3d at 197-98. Courts in the Third Circuit have regularly authorized sealing sensitive identifying information through redaction, in lieu of sealing entire documents, where public disclosure would occasion harm. See Wartluft v. Milton Hershey Sch. & Sch. Tr., No. 1:16-CV-2145, 2019 WL 5394575, at *3 (M.D. Pa. Oct. 22, 2019) (granting intervenor's motion to unseal judicial records, "subject to the redaction of the names and/or identifying information of third parties in order to protect those individuals' privacy interests"); Del Nero v. NCO Fin. Sys., Inc., No. 2:06-CV-04823-JDW, 2021 WL 2375892, at *2 (E.D. Pa. June 10, 2021), reconsideration denied, No. 2:06-CV-04823-JDW, 2021

6

WL 3615904 (E.D. Pa. Aug. 12, 2021) (granting motion to seal to the extent it sought redactions of the movant's home and email addresses, the disclosure of which could subject him to continued death threats); Three Brothers Supermarket Inc. v. United States, No. 2:19-CV-2003-KSM, 2020 WL 5749942, at *5 (E.D. Pa. Sept. 25, 2020) (granting sealing order after finding that "public disclosure of Tejada's and other individuals' full names, social security numbers, account numbers, household numbers, birthdates, and private addresses would harm those individuals' privacy and financial interests"); cf. United States ex rel. Brasher v. Pentec Health, Inc., 338 F. Supp. 3d 396, 402 (E.D. Pa. 2018) ("Courts considering requests to keep certain documents sealed have, in general, lifted the seal on the entire record except for specific documents that . . . harm non-parties."); E.D. Pa. L.R. 5.1.2(12)(b) (requiring redaction of certain personal identifying information, including "[s]ocial security numbers, dates of birth, [and] financial account numbers").

The Third Circuit has not definitively addressed whether a First Amendment right of access applies to documents filed in conjunction with summary judgment proceedings, rather than civil trials to which the right presumptively attaches. In re Avandia, 924 F.3d at 673; McCowan v. City of Philadelphia, No. 2:19-CV-03326-KSM, 2021 WL 3737204, at *2 (E.D. Pa Aug. 24, 2021).

When the First Amendment right attaches, "[a]ny restriction on the right of public access is . . . evaluated under strict scrutiny" and a party may only rebut the presumption in favor of access by "demonstrat[ing] an overriding interest [in excluding the public] based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." In re Avandia, 924 F.3d at 673 (internal citations and quotation marks omitted).

7

Here, Defendants seeks to seal, through narrow redactions, confidential personally-identifying information limited to: (1) personal information that identifies the names of a third-party nonlitigants about whom Plaintiff makes disparaging remarks; and (2) competitive business information including the names of Defendant Dechert's clients as well as a detailed description of internal, highly confidential billing matters.

Defendants requested that Plaintiff consent to the relief sought in this Motion, and Plaintiff consented via email, attached hereto as Exhibit A.  Plaintiff also agreed to the Confidentiality Agreement (Dkt. 18).  All documents that Defendants are moving to seal were marked confidential during discovery in this matter.  Plaintiff did not make any formal objection to the designation of these materials as confidential. Thus the Designated Material is confidential under the Parties' Stipulated Protective Order, and should be treated as such for purposes of this Motion to File Documents Under Seal.

Assuming that the First Amendment applies to summary judgment proceedings, to overcome the First Amendment hurdle, Defendants must demonstrate "an overriding interest in excluding the public based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." In re Avandia, 924 F.3d at 673 (cleaned up).  Here, the redacted information constitutes personal identifying information of nonlitigants which is entirely irrelevant to the substantive issues for which the parties intend to rely on these documents – none of the individuals whose names have been redacted have been identified as part of Plaintiff's claims.  Given the collateral nature of this information, its redaction only marginally affects the public's right to access materials filed in relation to judicial proceedings. See Mosaid Tech. Inc., 878 F. Supp. at 510 (allowing redactions of confidential financial and licensing information because it "is the type of information which, while largely incidental to

the substantive issues in this case, could cause real and serious harm to the parties' future negotiations if disclosed to competitors").

In addition, redacting this information, as opposed to sealing the records wholesale, represents the least restrictive means available to protect the privacy interests at stake. Del Nero, 2021 WL 2375892 at *2 ("[W]here possible, parties should propose redactions, rather than placing a whole document under seal."). Redactions ensure the identifying information of nonlitigants is protected, while allowing the public to review and consider the nature of the material evidence presented.

In order to protect the identities of nonlitigants from embarrassing accusations and the competitive business information of Dechert, Defendants requests that this Court enter an Order sealing small portions of Defendants' Exhibits (A, B, C, and R). Specifically, Defendants proposes the following procedure: (1) Defendants shall file unredacted copies of its MSJ and the instant motion in hard copy and via electronic mail with the Clerk of Courts; (2) Defendants shall provide this Court and counsel for Plaintiff with a hard copy of the unredacted version of MSJ and the instant motion; and (3) Defendants filed redacted versions of the MSJ shall remain under seal. This procedure limits the information to be sealed and thus unavailable to the public. Defendants' MSJ will be publicly available, and only the narrow Designated Material will be redacted from the public's view. This Court and opposing counsel will have access to all unredacted Designated Material. Defendants respectfully asserts that this procedure strikes the proper balance between the public's right to access court filings and the interests of the Parties in avoiding public disclosure of sensitive material.

III. **<u>CONCLUSION</u>**

For the foregoing reasons, Defendants respectfully requests that the Court grant this Motion to File Documents Under Seal, and permit filed portions of Defendant's Motion for Summary Judgment to remain redacted and under seal, as set forth in this Motion.

                                             Respectfully submitted,

                                             */s/ Carolyn P. Short*
                                             Carolyn P. Short
                                             Valerie E. Brown
                                             **HOLLAND & KNIGHT LLP**
                                             2929 Arch Street, Suite 800
                                             Philadelphia, PA 19104
                                             Telephone:  215-252-9569
                                             Carolyn.Short@hklaw.com
                                             Valerie.Brown@hklaw.com

                                             *Attorneys for Defendants*

Dated:  April 22, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2022, I electronically filed the foregoing Motion to Seal, Proposed Order, Memorandum of Law in Support of Defendants' Motion for Seal and Exhibits thereto with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record via electronic mail.

*/s/ Carolyn P. Short*
Carolyn P. Short

# EXHIBIT A

**Princivalle, Katie (PHL - X49583)**

| | |
|---|---|
| **From:** | Scott Diamond <scott@dereksmithlaw.com> |
| **Sent:** | Friday, April 22, 2022 9:49 AM |
| **To:** | Brown, Valerie E (PHL - X49569) |
| **Cc:** | Princivalle, Katie (PHL - X49583) |
| **Subject:** | Re: McClelland v. Dechert - Statement of Facts |
| **Attachments:** | 2022.04.15 - Draft McClelland_Dechert - SMF (4.22.22)(156382666.8)4.22SED.docx |

*[External email]*
Valerie:

Attached are my comments/revisions. I am not sure which client you refer to which would requiring sealing of the filing; however, I did agree to keep the billing issue that Dechert struggled with as confidential. Therefore, I will agree to seal the filing.

**Scott E. Diamond, Esq.**
*Admitted PA,NJ

DEREK SMITH LAW GROUP, PLLC
*Sexual Harassment and Discrimination Lawyers*
Toll Free (800) 807-2209 | Direct Dial (267) 857-0863
Philadelphia Office: 1835 Market Street, Suite 2950, Philadelphia, PA 19103

Email: scott@dereksmithlaw.com
www.discriminationandsexualharassmentlawyers.com
New York | New Jersey | Philadelphia | Miami | Los Angeles


   

*The information contained in this transmission is privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. Thank you. If you are a client of this firm and this email is directed to you, please do not forward to any other party, or you could be waiving the attorney-client privilege. Settlement Communication Notice: If this communication pertains to a settlement in any case, all settlement agreements are subject to final client approval and signature by all parties. Any cases and business handled in California are handled exclusively through the distinct entity, Derek Smith Law Group, LLP.

---

**From:** Brown, Valerie E (PHL - X49569) <Valerie.Brown@hklaw.com>
**Sent:** Thursday, April 21, 2022 11:23 PM
**To:** Scott Diamond <scott@dereksmithlaw.com>
**Cc:** Princivalle, Kathleen M (PHL - X49583) <Kathleen.Princivalle@hklaw.com>
**Subject:** RE: McClelland v. Dechert - Statement of Facts

Hi Scott,

1